**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | No. 2:25-mj-00386-KFW |
| **EDGAR MANDUJANO-AGUILAR** | |

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Scott M. Hanton, Border Patrol Agent of the United States Border Patrol, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Border Patrol Agent-Intelligence with the United States Border Patrol ("USBP"), currently assigned to the Houlton Sector Intelligence Unit in Hodgdon, Maine. I have been an agent with the USBP since November 29, 2010. I completed the USBP Academy in February of 2011, where I received instruction in constitutional law, immigration law, criminal law, and federal and civil statutes. I have also received training in the detection, interdiction, and arrest of narcotics smugglers, alien smugglers, and aliens illegally present in the United States. In the course of my employment with USBP, I have been assigned to the Highway 90 and Highway 80 immigration checkpoints in Arizona, where I was the primary agent for multiple narcotic and human smuggling cases.

2. From March 2020 to August 2022, I was assigned as a Case Agent for the Tucson Sector Prosecution Unit. I have conducted numerous criminal investigations involving illicit activity and have gathered and structured evidence and facts pertaining to administrative and criminal immigration cases. In the course of my duties, I have taken sworn statements from material witnesses and suspects. I routinely perform

record checks through various law enforcement databases to establish accuracy of information as well as to gather facts further relevant to a respective case. I have acted as a liaison between the United States Attorney's Office and field agents, and I have assisted fellow agents in the development of their cases. I am currently assigned collateral duty as a Houlton Sector Prosecutions Case Manager.

3.  I make this affidavit in support of a Criminal Complaint charging EDGAR MANDUJANO-AGUILAR, with one count of Illegal Re-Entry of Alien After Deportation, in violation of Title 8, United States Code, Section 1326(a). The information contained in this affidavit is based on my review of reports prepared by other law enforcement officers and conversations with involved personnel, as well as my training and experience as a prosecution case agent.

## STATEMENT OF PROBABLE CAUSE

4.  On November 6, 2025, a Border Patrol Agent-Resident Agent (BPA-RA) Cole Hugus was conducting assigned patrol duties near New Sharon, Maine along with other Border Patrol Agents Jonathan Lemay and Ryan Moayed. At approximately 1:30pm, BPA Hugus received a call from the Oxford County Sheriff's Office requesting Border Patrol assistance regarding an alien individual identified as EDGAR MANDUJANO-AGUILAR (herein also "MANDUJANO-AGUILAR"). MANDUJANO-AGUILAR had contacted the Oxford County Sheriff's Office after a dispute with his boss on a job site and requested that the Sheriff's Department's assistance in returning to his home country of Mexico. At his request, the Sheriff's Office took him away from the jobsite in the back of a sheriff's vehicle and held him in the vehicle at the Sheriff's Office until Border Patrol arrived.

5. During his interaction with the Oxford County Sheriff's deputies, MANDUJANO-AGUILAR provided a Mexican voter identification card, which provided his date of birth and name. The Sheriff's Office provided his identifying information to Border Patrol, which confirmed that MANDUJANO-AGUILAR had previously been ordered removed from the United States as an alien.

6. BPAs arrived at the Oxford County Sheriff's Office at approximately 3:15pm. BPA Hugus approached the sheriff's vehicle and introduced himself to MANDUJANO-AGUILAR in English and Spanish. MANDUJANO-AGUILAR confirmed that he did not speak English. BPA Lemay spoke to MANDUJANO-AGUILAR in Spanish, after which he stated that he was a citizen of Mexico, having been born there, and he did not have any immigration paperwork to be in the United States legally. MANDUJANO-AGUILAR verified to BPA Lemay that he was in the United States illegally.

7. BPA Lemay informed MANDUJANO-AGUILAR that he was being placed under arrest and asked him to step out of the vehicle, which he refused to do. MANDUJANO-AGUILAR resisted arrest. After agents eventually placed him under arrest, he was transported to the Rangeley Border Patrol Station for further processing.

8. A review of immigration records checks showed that MANDUJANO-AGUILAR has had multiple encounters with immigration officials which have resulted in his removal.

    a. Prior to a Removal Order dated December 21, 2010, MANDUJANO-AGUILAR had unlawfully entered the United States near Naco, Arizona on May 8, 2004, after which he was granted a voluntary return to Mexico. Additionally, he also unlawfully entered the United States near Lukeville,

      Arizona on October 8, 2006, after which he was also granted a voluntary return to Mexico.

b. On about December 29, 2010, the Defendant was removed from the United States, pursuant to an Order of Removal dated December 21, 2010. Based on that unlawful entry, MANDUJANO-AGUILAR was criminally charged for unlawful entry in violation of 8 U.S.C. § 1325, which resulted in a 10-day imprisonment after which he was deported to Mexico.

c. After his removal on December 29, 2010, he has continued to illegally reenter the United States multiple times without proper authorization.

    i. On about February 26, 2011, he was removed from the United States from the point of entry of Brownsville, Texas to Mexico, pursuant to a final order dated February 25, 2011, reinstating the original order of removal.

    ii. On about October 12, 2011, he was removed from the United States from the point of entry of Del Rio, Texas to Mexico, pursuant to a final order dated October 10, 2011, again reinstating the original order of removal.

    iii. On about June 9, 2016, he was removed from the United States from the point of entry of Hidalgo, Texas to Mexico, pursuant to a final order of removal dated March 18, 2016, reinstating the original order of removal.

    iv. On about July 21, 2020, he was removed from the United States from the point of entry of Laredo, Texas, pursuant to a final order of

removal dated July 14, 2020, which reinstated the original order of removal.

9. There is no record of MANDUJANO-AGUILAR requesting relief from the United States Attorney General that would allow his re-entry at any point, including since the date of his most recent removal of July 21, 2020.

## CONCLUSION

I respectfully submit, based on facts set forth above, that probable cause exists to charge EDGAR MANDUJANO-AGUILAR, by Criminal Complaint with the offense of Illegal Re-entry After Deportation, in violation of Title 8, United States Code, Section 1326(a), and I respectfully request that the accompanying Criminal Complaint be issued.

_____
Scott Hanton
Border Patrol Agent
U.S. Border Patrol

Sworn to telephonically and signed electronically in accordance with the requirements of Rule 4.1 of the Federal Rules of Criminal Procedures

Date: Nov 10 2025

City and state: Portland, Maine

_____
Judge's signature

Karen Frink Wolf, U.S. Magistrate Judge
Printed name and title